Exhibit A

To Certification of Counsel

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| In Re Application Of<br><br>MESA POWER GROUP, LLC<br><br>Applicant<br><br>pursuant to 28 U.S.C. § 1782 For Judicial Assistance in Obtaining Evidence from SAMSUNG C&T AMERICA, INC., KYO IN CHOO and JIN GOO KWON For Use in a Foreign and International Proceeding<br>_______________________________/ | CIVIL ACTION NO. __________ |
|---|---|

**SUBPOENA FOR THE PRODUCTION OF DOCUMENTS AND INFORMATION**

TO: Samsung C&T America, Inc.
85 Challenger Road, 6th Floor
Ridgefield Park, NJ 07660

[X] *Production.* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the documents and electronically stored information, and permit inspection and copying of the documents or material as per Exhibit "A" attached hereto.

| Place:<br>Tompkins, McGuire, Wachenfeld& Barry, LLP<br>Four Gateway Center, 5th Floor<br>100 Mulberry Street<br>Newark, N.J. 07102 | Date and Time<br>____________________<br>__________ |
|---|---|

[ ] *Inspection of Premises.* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting part may inspect, measure, survey, photograph, test, or sample the property.

| Place: | Date and Time |
|---|---|

The provisions of Fed. R. Civ. P. 45(c), relating to your protection as a person subject to a subpoena, and Rule 45(d) and (e), relating to your duty to respond to this subpoena and potential consequences of not doing so are attached.

Date: ____________________________

***CLERK OF COURT***

**OR**

____________________________ ____________________________

*Signature of Clerk or Deputy Clerk* *Attorney's signature*

The name, address, e-mail, and telephone number of the attorney representing (*name of party*) ____________________________ ____________________________, who issues or requests this subpoena, are: ____________________________

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)***

This subpoena for (*name of individual and title, if any)* ___

______________________________________________________________

*was received by me on (date)* ________________.

❒I served the subpoena by delivering a copy to the named individual as follows: ______________________________________

_________________________ on *(date)* ____________________; or

❒I returned the subpoena unexecuted because: _______________

____________________________________________________________

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness fees for one day's attendance, and the mileage allowed by law, in the amount of $______________

My fees are $____________ for travel and $_____________ for services, for a total of $___________________.

I declare under penalty of perjury that this information is true.

Date: ___________________

______________________________
*Server's signature*

______________________________
*Printed name and title*

______________________________
*Server's address*

Additional information regarding attempted service, etc:

**Federal Rule of Civil Procedure 45 (c), (d), and (e)**
**(Effective 12/1/07)**

**(c) Protecting a Person Subject to a Subpoena.**

**(1)** ***Avoiding Undue Burden or Expense; Sanctions.*** A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction - which may include lost earnings and reasonable attorney's fees - on a party or attorney who fails to comply.

**(2)** ***Command to Produce Materials or Permit Inspection.***

**(A)** *Appearance Not Required*. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

**(B)** *Objections*. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises - or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

**(i)** At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** ***Quashing or Modifying a Subpoena.***

**(A)** *When Required*. On timely motion, the issuing court must quash or modify a subpoena that:

**(i)** fails to allow a reasonable time to comply;

**(ii)** requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person - except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to

attend a trial by traveling from any such place within the state where the trial is held;

**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

**(iv)** subjects a person to undue burden.

**(B)** *When Permitted*. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

**(i)** disclosing a trade secret or other confidential research, development, or commercial information;

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

**(iii)** a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial.

**(C)** *Specifying Conditions as an Alternative*. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(d) Duties in Responding to a Subpoena.**

**(1)** ***Producing Documents or Electronically Stored Information.*** These procedures apply to producing documents or electronically stored information:

**(A)** *Documents*. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

**(B)** *Form for Producing Electronically Stored Information Not Specified*. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

**(C)** *Electronically Stored Information Produced in Only One Form*. The person responding need not produce the same electronically stored information in more than one form.

**(D)** *Inaccessible Electronically Stored Information*. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably

accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** ***Claiming Privilege or Protection.***

**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

**(i)** expressly make the claim; and

**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) Contempt.** The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

***EXHIBIT "A"***
***Attachment to Subpoena***

**DEFINITIONS**

As used in this request, the following words shall have the following meanings:

1. "Documents" includes, without limitation, any and all writing, recording or copies in your actual or constructive possession, including but not limited to correspondence, e-mail and other electronic data or correspondence, memoranda, notes, messages, diaries, minutes, books, reports, charts, ledgers, invoices, computer printouts, microfilms, video tapes, tape recording, account opening materials, due diligence materials, account statements, written instructions, account officer notes, agreements, contracts and tax-related information and any and all metadata that may be associated with any electronic data.

2. The relevant period of time covered by the subpoena is January 1, 2009, through the present, unless otherwise stated in the request.

3. The "*Green Energy Investment Agreement*" refers to the agreement, and any modifications or successor agreements, entered into between the Government of Ontario, on the one hand, and Samsung C&T Corporation and Korea Electric Power Corporation, on the other, on January 21, 2010.

4. The "Original Korean Consortium" collectively refers

to Samsung C&T Corporation and Korea Electric Power Corporation. Requests made with respect to the Original Korean Consortium in all cases should include documents referring or addressed to parent companies, subsidiaries or affiliates of any of its members.

5. The "Korean Consortium" collectively refers to Samsung C&T Corporation, Korea Electric Power Corporation, and Pattern Energy Group LP. Requests made with respect to the Korean Consortium in all cases should include documents referring or addressed to parent companies, subsidiaries or affiliates of any of its members.

6. "Communications" means and includes any disclosure, consultations, telephonic conferences, and transfer or exchange of information between two or more persons, whether orally or in writing, including, without limitation, any conversation or discussion by means of meeting, letter, telephone, note, memorandum, telegraph, telex, telecopier, electronic mail, or any other electronic or other medium, whether written, audio, or video.

7. The singular includes the plural and vice versa; the terms "and" and "or" shall be both conjunctive and disjunctive; the past tense includes the present tense and vice versa; the term "including" means "including but not limited to"; the term "all" means "any and all"; and the term "any" means "each and

every" as well as "any one"; "relating to," "related to," "relates to," and "with respect to" shall be used interchangeably to mean concerning, comprising, involving, directed to, created by, sent to, received by, copied to, responsible for, or in any way logically or factually connected to the subject of the request.

8. A document is deemed to be within the producing party's possession, custody or control if it is in the possession, custody or control (actual or constructive) of the producing party, any entity owned by or in which the producing party has an interest, or any of the producing party's officers, directors, employees, representatives, agents, accountants, relatives, other fiduciaries or any other person or entity acting for or on behalf of the producing party.

9. If any document requested herein was formerly in the producing party's possession, custody or control and has been lost or destroyed, or otherwise disposed of, the witness is requested to submit, in lieu of any such document, a written statement: (i) describing in detail the nature of the document and its contents; (ii) identifying the person who prepared or authorized the document, and if applicable, the person to whom the document was sent, copied or blind copied; (iii) specifying the date on which the document was prepared or transmitted; and (iv) specifying, if possible, the date on which the document was

lost or destroyed, and if destroyed, the conditions of and reason for such destruction and the person(s) requesting and/or performing the destruction.

10. If any document request herein is withheld on the basis of any claim of privilege, the producing party is requested to submit a list identifying each such document by stating its date, its signatory or signatories, if signed, each person who participated in its preparation, the address or addresses of the person or persons by whom it was received, the present or last known location and custodian of the original of the document (or, if that is unavailable, the most legible copy thereof), and the basis for the producing party's claim of privilege with respect thereto.

11. This request is a continuing one and any document obtained subsequent to production which would have been produced had it been available or if its existence had been known at the time of production shall be produced forthwith.

**DOCUMENTS TO BE PRODUCED**

Please produce the following:

1) All documents relating to the meeting of January 2010, where Samsung C&T Corporation's president announced the Korean deal with the Ontario government, namely the *Green Energy Investment Agreement*;

2) All documents relating to the negotiations, execution

and announcement of the *Green Energy Investment Agreement* between the Original Korean Consortium, the parent companies, subsidiaries or affiliates of any of its members, and the Ontario Government, including all draft and final agreements relating to the *Green Energy Investment Agreement* or modifications to such Agreement;

3) All document, including, but not limited to, phone records, journal and calendar entries, and notes, evidencing phone calls between any employee or agent of Samsung C&T Corporation, its parents, subsidiaries or affiliates, and members of the Ontario Government relating to the *Green Energy Investment Agreement* and any documents created in connection with or as a result of such calls;

4) All documents created by, or received by Samsung C&T Corporation, its parents, subsidiaries or affiliates, in relation to the registered lobbyists in the Province of Ontario, including, without limitation, Counsel Public Affairs Inc. and documents mentioning Charles Beer or Stefan Baranski;

5) All documents created by, or received by Samsung C&T Corporation, its parents, subsidiaries or affiliates, in relation to the priority ranking system under the Ontario Power Authority's Feed-In Tariff program ("FIT Program");

6) All documents between the Ontario Government and Samsung C&T Corporation, its parents, subsidiaries or

affiliates, including, without limitation, any documents referring to the Original Korean Consortium, including the parents, subsidiaries or affiliates of any of its members;

7) All documents in the possession, custody, or control of Samsung C&T Corporation, its parents, subsidiaries or affiliates, regarding Ontario Ministry of Energy directions to the Ontario Power Authority dated:

a) September 24, 2009, with respect to the development of a Feed-In Tariff ("FIT") program;

b) April 1, 2010, with respect to the Ontario Government's *Green Energy Investment Agreement* ("GEIA") with Samsung C&T Corporation and Korea Electric Power Corporation;

c) September 17, 2010, related to the *Green Energy Investment Agreement* with the Government of Ontario and the Korean Consortium dated January 2010;

d) June 3, 2011, with respect to "Allocating Capacity and Offering FIT Contracts for Bruce to Milton Enabled Projects";

e) July 29, 2011, related to the Korean Consortium's Projects in Haldimand County, Ontario;

f) August 2, 2011, with respect to "Supporting Manufacturing Supply Chain Development."

8) All documents evidencing any correspondence with any

Ontario ministry, including, without limitation, the Ontario Ministry of Natural Resources, with respect to the revisions of guidelines related to the Renewable Energy Approvals (REA) process, including but not limited to, the Natural Heritage Assessment Guide for Renewable Energy Projects; and the Bats and Bat Habitats: Guidelines for Wind Power Projects.

9) Proposals by Samsung C&T Corporation, its parents, subsidiaries or affiliates, which were submitted to the Ontario Power Authority in relation to the FIT Program;

10) Documents submitted to the Ontario Power Authority in relation to any project proposed by Samsung C&T Corporation, its parents, subsidiaries or affiliates, or any other members of the Korean Consortium, to the Ontario Power Authority and all document relating to any such project accepted by the Ontario Power Authority.

11) Documents created or received by Samsung C&T Corporation, its parents, subsidiaries or affiliates, or any other members of the Korean Consortium, with respect to any of the following consultations with the Ontario Power Authority:

    a) May 19, 2010 - FIT Economic Connection Test Web-enabled Teleconference;

    b) March 23, 2010 - Introduction to Economic Connection Test;

    c) February 25, 2010 - Domestic Content Compliance;

d) November 20, 2009 - Transmission and Distribution Technical Information Session;

e) October 21, 2009 - Feed-In Tariff (FIT) Programs Q&A Session;

f) October 8, 2009 - FIT and micro-FIT Q&A Session;

g) Sept 28, 2009 - Stakeholder and Public Introduction to Feed-in Tariff (FIT) Programs and Q&A Session;

h) August 6, 2009 - FIT Question and Answer Teleconference;

i) July 21, 2009 - Revised FIT Program Rules, Standard Definitions and Price Schedule;

j) May 12, 2009 - Session Info - Revised Price Schedule, Revised Program Rules, and Draft Contract;

k) April 28, 2009 - Session Info - Economic Test;

l) April 21, 2009 - Session Info - Legacy projects and program initialization 2.0;

m) April 14, 2009 - Session Info - FIT contract milestones;

n) April, 2009 - Info - FIT price schedule (i.e., technologies, size, and prices);

o) March 31, 2009 - Session Info - FIT Notice to proceed and metering and settlement;

p) March 24, 2009 - Session Info - FIT Application

      Process; and

    q)    March 17, 2009 - Session Info - Objectives of FIT Program

12) Correspondence to or from Samsung C&T Corporation, its parents, subsidiaries or affiliates, and the Government of Ontario (including, without limitation, any of its ministries, officials, state enterprises and its various agencies), including, without limitation, correspondences to or from the following individuals or any officials who work in each of their departments, ministries, state enterprises, or agencies:

    a)    Dalton McGuinty, the Premier of Ontario;

    b)    George Smitherman, Ontario Minister of Energy;

    c)    Brad Duguid, Ontario Minister of Energy; and

    d)    Colin Andersen, Ontario Power Authority.

13) Documents relating to any and all telephone conversations, meetings, discussions, or information exchanges between or amongst any employee or agents of Samsung C&T Corporation, its parents, subsidiaries, affiliates, Kyo In Choo, or Jin Goo Kwon, with any member of the Korean Consortium, including the parents, subsidiaries or affiliates of any of its members, relating to the benefits (including ranking and additional negotiations with the Government of Ontario) under the Samsung-KEPCO-Pattern Energy announcement of April 2011.