Exhibit G

To Certification of Counsel

Westlaw.

Page 1

Slip Copy, 2009 WL 2877156 (D.Conn.)
**(Cite as: 2009 WL 2877156 (D.Conn.))**

C
Only the Westlaw citation is currently available.

United States District Court,
D. Connecticut.
OJSC UKRNAFTA
v.
CARPATSKY PETROLEUM CORPORATION

No. 3:09 MC 265(JBA).
Aug. 27, 2009.

Charles J. Filardi, Jr., Filardi Law Offices LLC, New Haven, CT, for Plaintiff.

*RULING ON PLAINTIFF'S EX PARTE APPLICATION FOR SERVICE OF DISCOVERY PURSUANT TO 28 U.S.C. § 1782 ON SILVER POINT CAPITAL LLP*

MARGOLIS, Magistrate J.

***1** On August 11, 2009, OJSC Ukrnafta ["Ukrnafta"] filed this *Ex Parte* Application for Service of Discovery pursuant to 28 U.S.C. § 1782 for an order for discovery from Silver Point Capital LLP ["SPC"], for use in an arbitral proceeding before the Arbitration Institute of the Stockholm Chamber of Commerce ["AISCC"]. (Dkt.# 1).[FN1] Seven days later, Ukrnafta filed a supplemental brief in support of his Application. (Dkt.# 3).[FN2] On August 24, 2009, United States District Judge Janet Bond Arterton referred this matter to this Magistrate Judge. (Dkt.# 4).

> FN1. Attached to the Application and brief in support are the following exhibits: Declaration of Trevor Mascarenhas, sworn to August 10, 2009 ["Mascarenhas Decl."](Exh. A); copy of Agreement # 410/95, dated September 14, 1995 (Exh. B); copies of correspondence, dated December 13 and 19, 2005 (Exhs.C-D); copy of press release, dated December 1, 2005 (Exh. E); and copy of news article, dated December 23, 2005 (Exh. F).

> FN2. Attached as Exh. A is a Supplemental Declaration of Mascarenhas. ["Supp. Decl."].

*I. DISCUSSION*
28 U.S.C. § 1782(a) provides:

The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal.... The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court.... The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

Thus, there are three requirements that the moving party must satisfy:
(1) that the person from whom discovery is sought reside (or be found) in the district of the district court to which the application is made, (2) that the discovery be for use in a proceeding before a foreign tribunal, and (3) that the application be made by a foreign or international tribunal or "any interested person."

*In re Esses,* 101 F.3d 873, 875 (2d Cir.1996) (citation omitted); *see also In re Edelman,* 295 F.3d 171, 175-76 (2d Cir.2002) (citation & emphasis omitted). The Second Circuit has instructed the district court to consider the statute's "twin aims of

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2877156 (D.Conn.)
(Cite as: 2009 WL 2877156 (D.Conn.))

Page 2

providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts." *In re Malev Hungarian Airlines,* 964 F.2d 97, 100 (2d Cir.), *cert. denied sub nom. United Techs. Int'l, Inc. v. Malev Hungarian Airlines,* 506 U.S. 861, 113 S.Ct. 179, 121 L.Ed.2d 125 (1992). Furthermore, as the Second Circuit observed, Section 1782 has an "overarching interest in providing equitable and efficacious procedures for the benefit of tribunals and litigants involved in litigation with international aspects." *Eco Swiss China Time Ltd. v. Timex Corp.,* 944 F.Supp. 134, 138 (D.Conn.1996), *quoting In re Euromepa S.A. v. R. Esmerian, Inc.,* 51 F.3d 1095 (2d Cir.1995) (additional citation & internal quotations omitted).

*2 Urknafta is an oil and gas exploration company operating in the Ukraine. (Mascarenhas Decl. ¶ 2). The underlying dispute between the parties arises out of a joint venture agreement, entitled the Joint Activity Agreement ["JAA"], (*see* Dkt. # 1, Exh. B), between Urknafta and Carpatsky Petroleum Corporation, a company incorporated in Texas ["CPC-TX"], which relates to the Rudivsko-Chernovozavodke oil and gas field ["RC Field"]. (Mascarenhas Decl. ¶ 3; Supp. Decl. ¶ 2). A company incorporated in Delaware, also named Carpatsky Petroleum Corporation ["CPC-DE"], has brought claims against Urknafta, before the AISCC pursuant to the United Nations Commission on International Trade Law ["UNCITRAL"] rules of arbitration, asserting that it is the valid successor of CPC-TX to the JAA and the JAA gives it a contractual right to increase its net profit interest in the RC Field by making larger contributions for future works to the RC Field than Urknafta makes. (Mascarenhas Decl. ¶ 4; Supp. Decl. ¶ 3; *see also* Mascarenhas Decl. ¶¶ 5-19). Urknafta disputes that AISCC has jurisdiction over these proceedings and has sought a declaration from the Swedish District Court to this effect. (Supp.Decl.¶ 4). Urknafta requests documents from SPC to prepare its defense to CPC's claims in the arbitral proceedings, which include documents relating to the alleged merger between CPC-TX and CPC-DE, and relating to whether CPC-DE could exercise rights, including the arbitration clause under the JAA. (Supp.Decl.¶¶ 5-7).[FN3]

> FN3. Specifically, Urknafta seeks three categories, with four subsections, of documents. (*See* Dkt. # 1, at 5).

SPC conducts business at Two Greenwich Plaza in Greenwich, Connecticut, and thus "resides" within this district-the district wherein Urknafta is seeking discovery. (*See* Dkt. # 1, Brief, at 5). Further, Urknafta is an "interested person" within the meaning of Section 1782 as it is a party to an arbitration proceeding before the AISCC which, as Urknafta asserts, requires discovery from SPC. (*Id.* at 6). At issue, however, is whether the discovery sought is for use in a proceeding before a foreign "tribunal" within the meaning of Section 1782.

In 1999, the Second Circuit held that private arbitral bodies are not "tribunals" under Section 1782. *National Broadcasting Co., Inc. v. Bear Stearns & Co., Inc.,* 165 F.3d 184, 191 (2d Cir.1999)[ *"NBC"* ]. Specifically, the Second Circuit held that a commercial arbitration in Mexico, held under the auspices of the International Chamber of Commerce, was not within the scope of Section 1782 as "Congress did not intend for that statute to apply to an arbitral body established by private parties." *Id.;* [FN4] *see also Republic of Kazakhstan v. Biedermann Int'l,* 168 F.3d 880, 881-83 (5th Cir.1999)[ *"Biedermann"* ](arbitration is intended as a "speedy, economical, and effective means of dispute resolution," and extensive discovery through the federal courts pursuant to Section 1782, would complicate and undermine private international arbitration.). However, five years after the Second and Fifth Circuits addressed this issue, the United States Supreme Court issued its decision in *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004).[FN5] In *Intel,* the U.S. Supreme Court observed that

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2877156 (D.Conn.)
(Cite as: 2009 WL 2877156 (D.Conn.))

Page 3

when Congress amended Section 1782 in 1964, replacing the term "any judicial proceeding," with "a proceeding in a foreign or international tribunal," Congress did so "to provid[e] the possibility of U.S. judicial assistance in connection with [administrative and quasi-judicial proceedings abroad]." Id. at 258 (alteration in original) (citation omitted).[FN6] Further, the Supreme Court found that Section 1782(a) "authorizes, but does not require, a federal district court to provide assistance to a complainant in a European Commission[FN7] proceeding that leads to a dispositive ruling, i.e., a final administrative action both responsive to the complaint and reviewable in court." Id. at 255 (footnote added & omitted). Thus, the Supreme Court held that the European Commission, which acts as a "first-instance decision maker," and whose decisions are subject to judicial review by the Court of First Instance and the European Court of Justice, falls within the "ambit" of Section 1782. Id. at 250, 252, 254, 257-58.

> FN4. In reaching that conclusion, the Second Circuit held that the term "foreign or international tribunal" is "sufficiently ambiguous," thus requiring an analysis of the legislative history and purpose of the term as used in the statute. Id. at 188.
>
> FN5. In Intel, the moving party filed an antitrust complaint with the Directorate-General for Competition of the Commission of the European Communities, and while an investigation was ongoing, the applicant sought a discovery order from the federal district court pursuant to Section 1782. Id. at 246, 250-52. The district court denied the request and the Court of Appeals for the Ninth Circuit reversed. Id. at 246, 252.
>
> FN6. Although the Supreme Court did not address the precise issue of whether private arbitral panels are "tribunals" within the meaning of Section 1782, it provided guidance on this specific issue. In dicta, the Supreme Court quoted language defining the term "tribunal" as including "investigating magistrates, administrative and arbitral tribunals, and quasi-judicial agencies, as well as conventional ... courts." Id. at 258 (citation omitted & emphasis added).
>
> FN7. "The European Commission is the executive and administrative organ of the European Communities." Id. at 250 (citation & internal quotations omitted).

*3 Since the Intel decision, a slim majority of federal courts have followed a similar reasoning to conclude that private arbitrations fall within the scope of Section 1782. In In re Roz Trading Ltd., 469 F.Supp.2d 1221, 1226-28 (N.D.Ga.2006), unlike the Second Circuit in the NBC decision, the Northern District of Georgia held, consistent with the conclusion in Intel, that the term "tribunal" is not ambiguous, but rather, "[w]here a body makes adjudicative decisions responsive to a complaint and reviewable in court, it falls within the widely accepted definition of 'tribunal,' the reasoning of Intel, and the scope of [Section] 1782(a), regardless of whether the body is governmental or private." See also In re Babcock Borsig AG, 583 F.Supp.2d 233, 238-40 (D.Mass.2008)(The ICC is a "first-instance decisionmaker" that conducts proceedings which lead to a dispositive ruling, so that the ICC is a "tribunal" within the meaning of Section 1782(a).); Comisión Ejecutiva, Hidroeléctrica Del Rio Lempa v. Nejapa Power Co., LLC, No. 08-135-GMS, 2008 WL 4809035, at *1 (D.Del. Oct.14, 2008) (citations omitted)("[T]he Supreme Court's decision in Intel (and post-Intel decisions from other district courts) indicate that Section 1782 does indeed apply to private foreign arbitrations."), appeal dismissed as moot, No. 08-3518 (3d Cir. Aug. 3, 2009); In re Hallmark Capital Corp., 534 F.Supp.2d 951, 956-57 (D.Minn.2007) (rejecting an "inflexible rule that would categorically exclude all private arbitrations from the definition of 'tribunal,' " and instead concluding that a private Israeli arbitral body was a "tribunal" for the

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2877156 (D.Conn.)
(Cite as: 2009 WL 2877156 (D.Conn.))

Page 4

purpose of the statute).

However, recent decisions from a slim minority of courts have followed the reasoning of the Second and Fifth Circuits to conclude that private arbitrations do not fall within the meaning of Section 1782. In *In re Arbitration in London,* No. 09 C 3092, 2009 WL 1664936, at *4 (N.D.Ill. Jun.15, 2009), the district court held that private arbitrations do not fall within the purview of the statute, as contrary to *Intel,* private arbitrations do not have the "ultimate reviewability," or "judicial review of the merits of the parties' dispute," the importance of which review was emphasized by the Supreme Court; thus, private arbitral tribunals do not fall within the scope of Section 1782(a). In *La Comisión Ejecutiva, Hidroeléctrica Del Río Lempa v. El Paso Corp.,* 617 F.Supp.2d 481, 487 (S.D.Tex.2008)[ *"El Paso"* ], the district court, relying on *Intel,* held that because the Swiss arbitral tribunal "prohibited almost all discovery," the district court should not exercise its discretionary authority to order discovery, "out of respect for the efficient administration of the Swiss arbitration." Three weeks ago, relying on its precedent in *Biedermann,* 168 F.3d at 883, the Fifth Circuit affirmed the district court's decision in *El Paso,* noting that private arbitration was not at issue in *Intel. El Paso Corp. v. La Comisión Ejecutiva, Hidroeléctrica Del Río Lempa,* No. 08-20771, 2009 WL 2407189, at *3 (5th Cir. Aug.6, 2009). Additionally, two days prior to the Fifth Circuit's decision in *El Paso,* the District Court in the Middle District of Florida issued a decision, concluding that in accord with the Second Circuit's decision in *NBC,* 165 F.3d at 191, "Congress did not clearly intend to include private arbitral proceedings within the ambit of foreign or international tribunals." *In re Operadora DB Mexico, S .A. DE C.V.,* No. 6:09 CV 383 ORL-22GJK, 2009 WL 2423138, at *9 (M.D.Fla. Aug.4, 2009). Moreover, the court held that its case was distinguishable from *Intel* as the ICC Panel involved in that case, which is the product of a private agreement for dispute resolution, issues final and binding decisions that are not judicially reviewable, so that the ICC Panel is not a foreign or international tribunal under Section 1782. *Id.* at *9-12.

*4 The cases taking the minority position are distinguishable from the case at bar. In this case, the parties have not sought discovery from the arbitral tribunal, and there are no orders, from either the arbitral panel or the Swedish Court where Urknafta has sought review of the jurisdictional issue, precluding discovery (Mascarenhas Decl. ¶¶ 21-22), so that the rationale underlying the Fifth Circuit's decision does not apply in this case. Additionally, the arbitration at issue in this case is governed by the UNCITRAL rules of arbitration. (Dkt. # 1, Exh. B, at 25). "[A] reasoned distinction can be made between arbitrations such as those conducted by UNCITRAL, 'a body operating under the United Nations and established by its member states,' and purely private arbitrations established by private contract." *In re Arbitration in London,* 2009 WL 1665936, at *3 (citation omitted); *In re Oxus Gold PLC,* Misc. No. 08-82-GEB, 2007 WL 1037387, at *5 (D.N.J. Apr.2, 2007)(an arbitration panel governed by international law, namely, the UNCITRAL rules of arbitration, constitutes a "foreign tribunal" for the purposes of Section 1782.). The *Intel* court's reference to "arbitral tribunals," at minimum, would include international-government sanctioned tribunals. *See Intel,* 542 U.S. at 258; *see also Biedermann,* 168 F.3d at 882 ("References in the United States Code to 'arbitral tribunals' almost uniformly concern an adjunct of a foreign government or international agency.")(footnote omitted). "Indeed, it is common for arbitration provisions in private contracts to include a waiver of review by courts," *In re Arbitration in London,* 2009 WL 1665936, at *4, but that is not the case here when the arbitration is governed by the rules of UNCITRAL. In this case, there is sufficient judicial reviewability, as there is a coinciding jurisdictional challenge pending before the Swedish Court for which Urknafta could seek discovery under Section 1782, and either or both parties can seek review of the decision of the arbitral tribunal. Thus, AISCC is

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2877156 (D.Conn.)
(Cite as: 2009 WL 2877156 (D.Conn.))

Page 5

acting as a "first-instance decision maker," whose decision may be subject to review, and thus falls within the purview of Section 1782. *Intel,* 542 U.S. at 258.

Although this Court has authority to afford the relief requested, the Court must consider the factors articulated by the Supreme Court in deciding whether to grant Section 1782 relief to an applicant. *See Intel,* 542 U.S. at 255, 264-65 (Section 1782(a) "authorizes, but does not require, a federal district court to provide assistance to a complainant...."). The factors are: (1) whether "the person from whom discovery is sought is a participant in the foreign proceeding," because "the need for [Section] 1782(a) aid generally is not apparent as it ordinarily is when evidence is sought from a nonparticipant ..."; (2) "the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or court agency abroad to U.S. federal-court judicial assistance"; (3) "whether the [Section] 1782(a) request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States"; and (4) whether the request is "unduly intrusive or burdensome." *Id.* at 264-65 (multiple citations omitted).

*5 SPC is not a participant, nor is it expected to be a participant, of the arbitration proceedings (*see* Dkt. # 1, Brief, at 8), so Section 1782 relief is necessary for Urknafta to obtain discovery from SPC. The arbitration proceedings are underway before the AISCC, and as Urknafta posits, with which this Court agrees, that there is "no basis to believe that the Swedish arbitrator would not accept the documents or testimony obtained by this request." (*Id.*). Further, there is nothing before this Court to suggest that Urknafta is attempting to conceal an attempt to circumvent foreign proof-gathering restrictions. Finally, a review of Urknafta's specific requests to be posed to SPC reveals that its discovery is narrowly tailored to the subject matter of the arbitration proceedings in Sweden, and is neither intrusive or unduly burdensome. (*See* Dkt. # 1, at 5).

FN8 Additionally, the twin aims of this statute, as articulated by the Second Circuit, are served here as the discovery requests are tailored to assist Urknafta in its defense at the arbitration before the AISCC, and permitting this discovery will serve to encourage Sweden by example to provide similar means of assistance to our courts. *Malev Hunqarian Airlines,* 964 F.2d at 100.

> FN8. Further, Urknafta persuasively asserts its legitimate concern over the preservation of this information which concerns events beginning in January 2006, over three years ago. (*See* Dkt. # 1, Brief, at 9).

Accordingly, in an exercise of this Court's discretion, Urknafta is permitted to serve its discovery upon SPC, and SPC is hereby ordered to preserve the evidence sought by Urknafta so that the evidence sought is not lost or destroyed pending SPC's production.FN9

> FN9. Urknafta filed this request *ex parte, see Oxus Gold,* 2007 WL 1037387, at *2; in response to this Order, SPC will have the opportunity to address any issues it may have regarding the proposed discov- ery.

*II. CONCLUSION*
For the reasons stated below, Urknafta's *Ex Parte* Application for Service of Discovery (Dkt.# 1) is *granted.*

This is not a Recommended Ruling but a Ruling on discovery, the standard of review of which is specified in 28 U.S.C. § 636, Fed.R.Civ.P. 6(a), 6(e) & 72; and Rule 72.2 of the Local Rules for United States Magistrate Judges. As such, it is an order of the Court unless reversed or modified by the District Judge upon timely made objection.

*See* 28 U.S.C. § 636(b)(written objections to ruling must be filed within ten days after service of same); FED. R. CIV. P. 6(a), 6(e) & 72; Rule 72.2 of the Local Rules for United States Magistrate

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Slip Copy, 2009 WL 2877156 (D.Conn.)
**(Cite as: 2009 WL 2877156 (D.Conn.))**

Page 6

Judges, United States District Court for the District of Connecticut; *Small v. Secretary, H & HS*, 892 F.2d 15, 16 (2d Cir.1989)(failure to file timely objection to Magistrate Judge's recommended ruling *may* preclude further appeal to Second Circuit); *Caidor v. Onondaga County*, No. 06-4698-CV, 2008 WL 451146, at *2-4 (2d Cir. Feb.21, 2008) (failure to file timely objection to Magistrate Judge's discovery ruling *will* preclude further appeal to Second Circuit).

D.Conn.,2009.
Ukrnafta v. Carpatsky Petroleum Corp.
Slip Copy, 2009 WL 2877156 (D.Conn.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.