Exhibit H

To Certification of Counsel

Westlaw.

Page 1

--- F.Supp.2d ----, 2011 WL 3495993 (D.Colo.)
**(Cite as: 2011 WL 3495993 (D.Colo.))**

H
Only the Westlaw citation is currently available.

United States District Court,
D. Colorado.
The REPUBLIC OF ECUADOR, and Diego Garcia Carrion, Dr., the Attorney General of the Republic of Ecuador, Petitioners,
v.
Bjorn BJORKMAN, Respondent.
Chevron Corporation, Interested Party.

Civil Action No. 11–cv–01470–WYD–MEH.
Aug. 9, 2011.
Order Denying Motion for Stay Aug. 29, 2011.

**Background:** Republic of Ecuador and its Attorney General petitioned for issuance of subpoena to environmental expert, who authored reports for oil company for use in bilateral investment treaty arbitration before United Nations Commission on International Trade Law (UNCITRAL) arbitral body, for taking of deposition and production of documents for use in foreign proceeding.

**Holdings:** The District Court, Michael E. Hegarty, United States Magistrate Judge, held that:
(1) statutory requirements were met for granting of petition, and
(2) discretionary factors were met for granting of petition.

Petition granted.

West Headnotes

**[1] Federal Civil Procedure 170A ⇌1312**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(C) Depositions of Parties and Others Pending Action
            170AX(C)1 In General
                170Ak1312 k. Letters rogatory from without the United States. Most Cited Cases
    Whether to permit requested discovery for use in foreign proceeding is within discretion of court, even if all statutory requirements are met. 28 U.S.C.A. § 1782.

**[2] Federal Civil Procedure 170A ⇌1312**

170A Federal Civil Procedure
    170AX Depositions and Discovery
        170AX(C) Depositions of Parties and Others Pending Action
            170AX(C)1 In General
                170Ak1312 k. Letters rogatory from without the United States. Most Cited Cases
    Discovery rules in foreign tribunals bear no impact on the provision of assistance under statute governing discovery of matters for use in proceeding in foreign or international tribunal, and foreign tribunal can place conditions on its acceptance of information to maintain whatever measure of parity it concludes is appropriate. 28 U.S.C.A. § 1782.

**[3] Alternative Dispute Resolution 25T ⇌514**

25T Alternative Dispute Resolution
    25TV Foreign Dispute Resolution Proceedings
        25Tk514 k. Proceedings. Most Cited Cases
    Statutory requirements were satisfied in connection with petition of Republic of Ecuador and its Attorney General for issuance of subpoena to environmental expert, who authored reports for oil company for use in bilateral investment treaty arbitration before United Nations Commission on International Trade Law (UNCITRAL) arbitral body, for taking of deposition and production of documents for use in foreign proceeding; expert was resident of district, discovery sought would be used before treaty arbitration pending at UNCITRAL tribunal, and petition was made by interested person as party to UNCITRAL proceeding. 28 U.S.C.A. § 1782(a).

**[4] Alternative Dispute Resolution 25T ⇌514**

25T Alternative Dispute Resolution
    25TV Foreign Dispute Resolution Proceedings

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2011 WL 3495993 (D.Colo.)
(Cite as: 2011 WL 3495993 (D.Colo.))

Page 2

25Tk514 k. Proceedings. Most Cited Cases
  Discretionary factors weighed in favor of granting petition of Republic of Ecuador and its Attorney General for issuance of subpoena to environmental expert, who authored reports for oil company for use in bilateral investment treaty arbitration before United Nations Commission on International Trade Law (UNCITRAL) arbitral body, for taking of deposition and production of documents for use in foreign proceeding; expert was not participant in foreign proceeding, nor was there any indication he would be subject to jurisdiction of UNCITRAL arbitration, request was not attempt to circumvent foreign discovery restrictions, permitting discovery had no bearing on whether evidence would be accepted by UNCITRAL panel, and limitation of discovery, pursuant to Federal Rule of Civil Procedure governing discovery of individuals considered testifying experts, was not appropriate absent existence of any privilege. 28 U.S.C.A. § 1782(a); Fed.Rules Civ.Proc.Rule 26(a)(2), 28 U.S.C.A.

[5] Alternative Dispute Resolution 25T ⇌514

25T Alternative Dispute Resolution
  25TV Foreign Dispute Resolution Proceedings
    25Tk514 k. Proceedings. Most Cited Cases
  There was no good cause to justify stay of order granting Ecuador's application for subpoena to environmental expert, who authored reports for oil company for use in bilateral investment treaty arbitration before United Nations Commission on International Trade Law (UNCITRAL) arbitral body, for taking of deposition and production of documents for use in foreign proceeding; any "risk of conflict" with Treaty Arbitration Tribunal's supposed discovery order or proceedings was speculative since Tribunal had not yet ordered discovery, and movants failed to show how they would be harmed absent stay. 28 U.S.C.A. § 1782(a); Fed.Rules Civ.Proc.Rule 26(a)(2), 28 U.S.C.A.; U.S.Dist.Ct.Rules D.Colo., Civil Rule 30.2(B).

[6] Federal Civil Procedure 170A ⇌1271

170A Federal Civil Procedure
  170AX Depositions and Discovery
    170AX(A) In General
      170Ak1271 k. Proceedings to obtain. Most Cited Cases
  Stays of discovery are generally disfavored.

Eric W. Bloom, Winston & Strawn, LLP, Washington, DC, for Petitioners.

Robert Charles Blume, Gibson Dunn & Crutcher, LLP, Denver, CO, for Respondent and Interested Party.

### ORDER

MICHAEL E. HEGARTY, United States Magistrate Judge.

*1 Before the Court is the Application of the Republic of Ecuador and Dr. Diego Garcia Carrion, the Attorney General of the Republic of Ecuador, for the Issuance of a Subpoena Under 28 U.S.C. § 1782(a) to Bjorn Bjorkman for the Taking of a Deposition and the Production of Documents for Use in a Foreign Proceeding [*filed June 6, 2011; docket # 1*]. The petition is referred to this Court for disposition. (Docket # 6.) The matter is fully briefed, and oral argument would not assist the Court in its adjudication. For the reasons stated below, the Court **GRANTS** the petition.

### *Background*

The request before the Court stems from decades of litigation concerning Texaco Petroleum ("TexPet") Corporation's conduct in Ecuador and its residual environmental and health-related effects on certain land and people within Ecuador. The dispute's history is extensive and need not be recited in this order. The Court notes that a small part transpired directly before it over the past year and a half, in two other Section 1782 proceedings. In short, the Republic of Ecuador ("Republic") seeks certain discovery from Bjorn Bjorkman, an environmental expert who authored reports for Chevron, for use in a bilateral investment treaty arbitration before the United Nations Commission on Interna-

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2011 WL 3495993 (D.Colo.)
(Cite as: 2011 WL 3495993 (D.Colo.))

Page 3

tional Trade Law ("UNCITRAL") arbitral body. Chevron Corporation, having merged with Texaco and as Interested Party to this proceeding, and Mr. Bjorkman oppose this request on the basis that the tribunal itself can order the requested discovery, and this Court should not interfere in the tribunal's set process. The Court disagrees and finds that the statutory and discretionary factors arising from 28 U.S.C. § 1782(a) weigh in favor of issuing the subpoena.

### *Discussion*

The objective of 28 U.S.C. § 1782 is "to assist foreign tribunals in obtaining relevant information that the tribunals may find useful but, for reasons having no bearing on international comity, they cannot obtain under their own laws." *Intel Corp. v. Advanced Micro Devices, Inc.,* 542 U.S. 241, 262, 124 S.Ct. 2466, 159 L.Ed.2d 355 (2004). 28 U.S.C. § 1782 prescribes as follows:

(a) The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal, including criminal investigations conducted before formal accusation. The order may be made pursuant to a letter rogatory issued, or request made, by a foreign or international tribunal or upon the application of any interested person and may direct that the testimony or statement be given, or the document or other thing be produced, before a person appointed by the court. By virtue of his appointment, the person appointed has power to administer any necessary oath and take the testimony or statement. The order may prescribe the practice and procedure, which may be in whole or part the practice and procedure of the foreign country or the international tribunal, for taking the testimony or statement or producing the document or other thing. To the extent that the order does not prescribe otherwise, the testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.

*2 A person may not be compelled to give his testimony or statement or to produce a document or other thing in violation of any legally applicable privilege.

These statutory requirements are met when "(1) the person from whom discovery is sought resides (or is found) in the district of the district court to which the application is made, (2) the discovery is for use in a foreign proceeding before a tribunal, and (3) the application is made by a foreign or international tribunal or any interested person." *In re Perez Pallares,* No. 10–cv–02528–PAB, 2010 WL 4193072, at *1 (D.Colo. Oct. 20, 2010) (citing *Schmitz v. Bernstein Liebhard & Lifshitz LLP,* 376 F.3d 79, 83 (2d Cir.2004)).

[1][2] Whether to permit the requested discovery remains within the discretion of the Court, even if all of the statutory requirements are met. *Intel Corp.,* 542 U.S. at 260, 124 S.Ct. 2466. Discovery rules in foreign tribunals bear no impact on the provision of assistance under Section 1782, and of course, "the foreign tribunal can place conditions on its acceptance of the information to maintain whatever measure of parity it concludes is appropriate." *Intel Corp.,* 542 U.S. at 260–62, 124 S.Ct. 2466. The Supreme Court enumerated factors for a court to consider when deciding whether to permit discovery pursuant to Section 1782:(1) whether the party from whom discovery is sought is a participant in a foreign proceeding, or already subject to the jurisdiction of the foreign tribunal; (2) the nature and character of the foreign proceedings; (3) the receptivity of the foreign tribunal to such judicial assistance; (4) whether the request is an attempt to circumvent foreign discovery restrictions; and (5) whether the request is unduly intrusive or burdensome. *In re Application of Michael Wilson & Partners, Ltd.,* No. 06–cv–02575–MSK–PAC (MEH), 2007 WL 2221438, at *3 (D.Colo. July 27, 2007) (citing *Intel Corp.,* 542 U.S. at 264–65, 124 S.Ct. 2466).

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 4

--- F.Supp.2d ----, 2011 WL 3495993 (D.Colo.)
**(Cite as: 2011 WL 3495993 (D.Colo.))**

[3] The parties appear to agree that the statutory factors are met here, and the Court more explicitly finds that Section 1782(a)'s requirements are satisfied. Mr. Bjorkman is a resident of Fort Collins, Colorado, which is in this District; the discovery sought would be used before the treaty arbitration pending at the UNCITRAL tribunal; [FN1] and the application is made by the Republic of Ecuador, which is clearly an interested person as a party to the UNCITRAL proceeding. As explained below, the Court determines that the discretionary considerations also weigh in favor of permitting the discovery.

[4] Regarding the first factor, Mr. Bjorkman is not a participant in the foreign proceeding, nor is there any indication that he would be subject to the jurisdiction of the UNCITRAL arbitration. The arbitral evidentiary rules cited by Chevron are therefore not persuasive to the Court, as the rules on their face indicate that the tribunal "may require *the parties* to produce documents...." (Docket # 9 at 10 (emphasis added).) Mr. Bjorkman is not a party to the arbitration and as a "nonparticipant[ ] in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, the[ ] evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.,* 542 U.S. at 264, 124 S.Ct. 2466. This consideration relates to the fourth factor as well, in that the Court does not perceive that this request is an attempt to circumvent foreign discovery restrictions, as the arbitral rules do not appear to apply to Mr. Bjorkman in the first place. Nor, as the Republic points out, does Chevron raise an argument that the requested discovery is sought in bad faith. (*See* docket # 11 at 9.)

*3 The second and third factors concerning the nature and character of the foreign proceedings and the receptivity of the foreign tribunal to such judicial assistance are not raised as points of contention by either side. In light of this silence, the Court emphasizes that of course, permitting the discovery in this proceeding has no bearing on whether such evidence would be accepted by the UNCITRAL panel. The foreign proceeding "may limit discovery within its domain for reasons peculiar to its own legal practices ... reasons that do not necessarily signal objection to aid from United States federal courts." *Intel Corp.,* 542 U.S. at 261, 124 S.Ct. 2466.

Regarding the last factor, the Republic believes Chevron and Mr. Bjorkman concede this consideration by its silence. (Docket # 11 at 4.) The Court agrees, in part. Although Chevron does not raise an express argument asserting undue burden or intrusiveness, Chevron contends that the Republic's subpoena includes impermissible requests that exceed the scope of the federal rules, which are explicitly referred to by Section 1782(a). Chevron requests that, should the Court allow the issuance of the subpoena, the discovery be limited to that permitted by Fed.R.Civ.P. 26(a)(2) governing discovery of individuals considered testifying experts. (Docket # 9 at 13–15.)

In its application, the Republic characterizes Mr. Bjorkman as "an expert nominated by Chevron in the *Lago Agrio* litigation, conducting soil samples for the litigation and opining on the Plaintiffs' request for funds needed to restore their ecosystem." (Docket # 1 at 3–4.) The purpose of the discovery is "to aid the Republic in defending the validity of the *Lago Agrio* judgment," which is at issue before the UNCITRAL tribunal. (*Id.* at 3.) The Republic states it "seeks the same types of documents and testimony that courts across the United States find are relevant in assessing an expert's reports—documents that are now required to be produced in the ordinary course under the Federal Rules of Civil Procedure." (Docket # 3 at 26.)

Chevron represents that it "has not designated Mr. Bjorkman as an expert witness who will testify in the Treaty Arbitration." (Docket # 9 at 8.) Chevron explains that it referenced Mr. Bjorkman's reports twice in its "comprehensive 280–page merits submission to the Tribunal"—once cited in regards to TexPet's "obligations to strengthen the area [in

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

--- F.Supp.2d ----, 2011 WL 3495993 (D.Colo.)
(Cite as: 2011 WL 3495993 (D.Colo.))

Page 5

Ecuador's] public infrastructure" and once "in a footnote regarding the invalidity of the Cabrera assessment [describing damages], where Mr. Bjorkman's reports are cited along with *sixteen* other expert reports." [FN2] (*Id.* (emphasis in original).) Chevron included the two expert reports authored by Mr. Bjorkman as attachments to the merits submission. (*Id.*)

As the Application presently before the Court was filed after December 1, 2010, Chevron believes Fed.R.Civ.P. 26(a)(2) in its revised format should apply, with the effect of narrowing the scope of the requested discovery. Chevron suggests that the subpoena be limited, in light of the protection of documents produced in preparation for trial, to communications that "(i) relate to compensation for the expert's study or testimony; (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be expressed; or (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed." (*Id.* at 14 (citing Fed.R.Civ.P. 26(b)(4)(C)).)

*4 The Republic contests this limitation for two reasons: "(1) Bjorkman's reports were submitted well before it came into effect, so there was no expectation of confidentiality, and (2) Chevron itself took advantage of the substantially more liberal prior Rule 26 in most all of its 1782 discovery of Plaintiffs' experts." (Docket # 11 at 12.) Additionally, the Republic asserts that Chevron fails to meet its burden of proving privilege, and at the very least, should have to produce a privilege log for the purpose of a proper privilege review on a document by document basis. (*Id.*)

The Court agrees with the Republic that Fed.R.Civ.P. 26(b)(5) requires a party claiming privilege or protection of trial-preparation materials to "(i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Chevron has not met its burden of establishing the existence of any privilege, and the Court finds this argument unpersuasive against its inclination to grant Petitioners' request. The Court does note that Rule 26(a)(2)(B) *requires* the disclosure of "the facts or data considered by the witness in forming" his or her expert testimony. If such foundational information was not provided with the reports at issue, the Court finds no reason to limit the production of such information here. Rule 26(b)(4) prohibits the disclosure of drafts of expert reports and communications between a party's attorney and expert witness, subject to three stated exceptions. The rule does not preclude the disclosure of information constituting the basis for a report, even though prepared for use in trial.

*Conclusion*
The Court finds that 28 U.S.C. § 1782(a)'s statutory requirements and related discretionary factors weigh in favor of issuing the subpoena as to Bjorn Bjorkman. Accordingly, the Application is **GRANTED**. Petitioners may serve the subpoena attached to the Application on Bjorn Bjorkman. As agreed to by the parties, documents shall be produced within 15 days of service of the subpoena, and the deposition shall be scheduled on an agreed-upon date within 45 days of service of the subpoena. (*See* docket # 8.)

**ORDER ON MOTION TO STAY**
Before the Court is a Joint Motion for a Stay of this Court's August 9, 2011 Order filed by Respondent Bjorkman and Interested Party Chevron Corporation [*filed August 11, 2011; docket # 22* ]. The motion is referred to this Court for disposition. (Docket # 23.) The matter is fully briefed and the Court finds that oral argument would not materially assist in the adjudication of the motion. For the following reasons, the Court DENIES the motion to stay.

**I. Background**
On June 6, 2011, the Petitioner initiated this action by filing an Application for the Issuance of a

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 6

--- F.Supp.2d ----, 2011 WL 3495993 (D.Colo.)
(Cite as: 2011 WL 3495993 (D.Colo.))

Subpoena Under 28 U.S.C. § 1782(A). Docket # 1. The application was referred to this Court for disposition and, after briefing, the Court issued an order granting the Application on August 9, 2011. Docket # 20. Two days later, Respondent and Interested Party Chevron ("Movants") filed the present motion to stay enforcement of the order. Motion, docket # 22. Movants argue that good cause exists for a stay of enforcement because (1) the order creates a risk of conflict between the Court's discovery procedures and schedule and the Tribunal's procedures and schedule; (2) Chevron has proposed a stipulation that would establish an "orderly schedule for obtaining evidence in the Treaty Arbitration"; and (3) the order may impinge on Chevron's claims of privilege, work product protection and protection of trial preparation materials. *See* Motion at 2–3. Movants ask that the Court stay the enforcement of the order "until the Tribunal has set a schedule and procedure for discovery in the Treaty Arbitration and the District Court has completed review pursuant to Fed.R.Civ.P. 72." *Id.* at 6.

*5 Petitioner objects contending that Movants have failed to address and meet the four-part test for stays of court orders set forth in *Nken v. Holder,* 556 U.S. 418, 129 S.Ct. 1749, 173 L.Ed.2d 550 (2009): (1) the likelihood of success on appeal; (2) the threat of irreparable harm absent a stay; (3) the absence of harm to opposing parties if the stay is granted; and (4) any risk of harm to the public interest. *See* docket # 28 at 7. Petitioner argues that this Court's August 9, 2011 order is sound and will be upheld on review, that Movants have failed to identify any irreparable harm if their motion is not granted, and that Petitioner will be harmed by the delay of a stay. *Id.* at 8–11. Movants reply that they may be harmed because execution of the August 9, 2011 order would preempt the Treaty Arbitration Tribunal's authority to regulate discovery, which would lead to inequitable and inconsistent treatment in the Treaty Arbitration, and because the order might possibly require disclosure of privileged and trial preparation materials. Docket # 30 at 2–3. In addition, Movants assert that Petitioner has characterized to the Tribunal the discovery sought in this action as "premature," which is inconsistent with its position in this case. *Id.*

**II. Discussion**
In this Court,

[t]he filing of an objection, pursuant to Fed.R.Civ.P. 72(a), to an order by a magistrate judge concerning a discovery issue does not stay the discovery to which the motion is directed. Any stay of the magistrate judge's order must be sought and obtained separately by motion filed initially with the magistrate judge, and if denied, then with the assigned district court judge. The motion shall be supported by good cause.

D.C. Colo. LCivR 30.2B. Petitioners contend that Movants are subject to the *Nken* four-part test to justify their request for a stay, arguing that courts in this district have applied the test to determine good cause under Local Rule 30.2B. *See, e.g., Zander v. Craig Hosp.,* No. 09–cv–02121–REB–BNB, 2010 WL 1571213, at *1 (D.Colo. Apr. 20, 2010) (citing a four-part test substantially the same as that cited in *Nken* without actually citing to *Nken*). Movants counter that courts in this district have used different standards for determining good cause in this instance. Movants are correct; for example, in *Silverstein v. Federal Bureau of Prisons,* No. 07–cv–02471–PAB–KMT, 2009 WL 5217977, at *1 (D.Colo. Dec. 29, 2009), the court analyzed the following factors set forth in *String Cheese Incident, LLC v. Stylus Shows, Inc.,* No. 02–cv–01934–LTB–PAC, 2006 WL 894955 at *2 (D.Colo. Mar. 30, 2006) to determine good cause under Local Rule 30.2B: (1) plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.

[5] Under either scenario, however, the Court finds that Movants have failed to demonstrate good

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Page 7

--- F.Supp.2d ----, 2011 WL 3495993 (D.Colo.)
(Cite as: 2011 WL 3495993 (D.Colo.))

cause to justify their request for stay of execution of the August 9, 2011 order.

First, setting aside the question whether discovery in the Treaty Arbitration would conflict with discovery allowed in this action, it is undisputed that the Treaty Arbitration Tribunal has not yet ordered discovery in that action. While the issue is apparently currently before the Tribunal, no party has informed this Court as to any orders concerning the issue. Thus, any "risk of conflict" with the Tribunal's supposed discovery order or proceedings is speculative at this point. The Court will not impose a stay based upon mere speculation.

*6 Second, it is apparent by the Petitioner's brief that it has not agreed with Movants' proposed stipulation for discovery; therefore, no good cause exists in this instance. Third, Movants claim that the August 9, 2011 order may be construed as allowing discovery of privileged and/or work product information. However, the Court notes that granting the issuance of a subpoena does not have the same effect as granting a motion to compel. Production pursuant to an issued subpoena is still subject to Rule 26(b)(5), which governs assertions of privilege and the work product doctrine (to the extent that they apply here).

Finally, Movants assert that they object to the August 9 order as contrary to law. Movants point to inconsistencies by the Petitioner in its representations made to the Treaty Arbitration Tribunal and to this Court. While this argument may go to the likelihood of success on their request for review of the August 9, 2011 order, the Movants have failed to show how they will be harmed (irreparably or otherwise) absent a stay; thus, the Court finds Movants' argument insufficient to overcome the presumption against a stay under these circumstances. *See* D.C. Colo. LCivR 30.2B.

### III. Conclusion

[6] Stays of discovery are generally disfavored in this district. *See, e.g., Chavez v. Young Am. Ins. Co.,* No. 06–2419, 2007 WL 683973, *2 (D.Colo.

Mar. 2, 2007). And, pursuant to Local Rule 30.2B, a stay of discovery is not imposed simply upon an objection to a magistrate judge's order; rather, the movant must show good cause to overcome the presumption against a stay. Here, Movants have failed to demonstrate good cause to stay the execution of the August 9, 2011 order pending resolution of their objection to the order. Accordingly, for the reasons stated herein, the Court **DENIES** the Joint Motion for a Stay of this Court's August 9, 2011 Order filed by Respondent Bjorkman and Interested Party Chevron Corporation [*filed August 11, 2011; docket # 22* ].

FN1. There appears to be significant agreement at the district court level that, after the Supreme Court's dicta in *Intel Corp.,* "international arbitral bodies operating under UNCITRAL rules constitute 'foreign tribunals' for purposes of Section 1782." *E.g., In re Application of Chevron Corp.,* 709 F.Supp.2d 283, 291 (S.D.N.Y.2010) (citations omitted).

FN2. Petitioner describes the same, that Chevron cited Mr. Bjorkman before the arbitral tribunal regarding TexPet's scope of operations in Ecuador and its "involvement in road building and settlement of the region." (Docket # 3 at 26.)

D.Colo.,2011.
Republic of Ecuador v. Bjorkman
--- F.Supp.2d ----, 2011 WL 3495993 (D.Colo.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.