Exhibit I

To Certification of Counsel

Westlaw.

Not Reported in F.Supp.2d, 2008 WL 4809035 (D.Del.)
**(Cite as: 2008 WL 4809035 (D.Del.))**

▷

Only the Westlaw citation is currently available.

United States District Court,
D. Delaware.
COMISIÓN EJECUTIVA, HIDROELÉCTRICA
DEL RÍO LEMPA, Plaintiff,
v.
NEJAPA POWER COMPANY, LLC, Defendant.

C.A. No. 08-135-GMS.
Oct. 14, 2008.

Donald E. Reid, Morris, Nichols, Arsht & Tunnell,
Wilmington, DE, for Plaintiff.

John M. Seaman, Abrams & Laster Llp, Greenville,
DE, Andrew P. Price, Houston, TX, Kevin
O'Gorman, Pro Hac Vice, for Defendant.

### *MEMORANDUM*
GREGORY M. SLEET, Chief Judge.
### I. INTRODUCTION
*1 Presently before the court is defendant's mo-
tion for reconsideration of the court's July 18, 2008
order granting plaintiff's application pursuant to 28
U.S.C. § 1782.[FN1] The defendant, Nejapa Power
Company, LLC, ("NPC"), argues that reconsidera-
tion and vacatur are appropriate for the following
reasons: (1) plaintiff failed to provide defendant
with notice of its application; (2) plaintiff's applica-
tion contained material factual misrepresentations;
(3) Section 1782 does not apply to private foreign
or international arbitrations; and (4) the case law
cited by plaintiff in support of its application is in-
apposite. For the reasons stated below, the court
concludes that there is no basis for reconsideration.

> FN1. Plaintiff, La Comisión Ejecutiva
> Hidroléctrica del Río Lempa ("CEL") filed
> its Application for an Order Granting Dis-
> covery for Use in a Foreign Proceeding
> Pursuant to 28 U.S.C. § 1782 on July 3,
> 2008 (D.I.2).

### II. STANDARD OF REVIEW
As a general rule, motions for reconsideration
should be granted only "sparingly." *Karr v. Castle,*
768 F.Supp. 1087, 1090 (D.Del.1991). In this dis-
trict, these types of motions are granted only if it
appears that the court has patently misunderstood a
party, has made a decision outside the adversarial
issues presented by the parties, or has made an error
not of reasoning, but of apprehension. *See, e.g.,
Shering Corp. v. Amgen, Inc.,* 25 F.Supp.2d 293,
295 (D.Del.1998); *Brambles USA, Inc. v. Blocker,*
735 F.Supp. 1239, 1240 (D.Del.1990) (citing *Above
the Belt, Inc. v. Mel Bonhannan Roofing, Inc.,* 99
F.R.D. 99(E.D.Va.1983)); *see also Karr,* 768
F.Supp. at 1090 (citing same). Moreover, even if
the court has committed one of these errors, there is
no need to grant a motion for reconsideration if it
would not alter the court's initial decision. *See
Pirelli Cable Corp. v. Ciena Corp.,* 988 F.Supp.
424, 455 (D.Del.1998).

### III. DISCUSSION
The defendant contends that reconsideration of
the court's July 18, 2008 order is warranted. The
court disagrees. First, contrary to the defendant's
assertion, the court is not convinced that under Sec-
tion 1782 plaintiff is actually required to provide
the defendant prior notice of its application. Indeed,
Section 1782 does not expressly require that notice
be provided to the party from whom discovery is
being sought. Second, it is not readily apparent to
the court that the defendant misled or misrepresen-
ted the facts regarding the Tribunal's position to-
wards discovery. It is clear from the record that the
parties themselves never reached agreement on this
issue. The Tribunal's ultimate position on this issue,
however, is less clear. Third, the court is not per-
suaded by the legal authority relied upon by the de-
fendant. In fact, the Supreme Court's decision in *In-
tel* (and post-*Intel* decisions from other district
courts) indicate that Section 1782 does indeed ap-
ply to private foreign arbitrations. *See Intel Corp. v.
Advanced Micro Devices, Inc.,* 542 U.S. 241, 258,

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2008 WL 4809035 (D.Del.)
**(Cite as: 2008 WL 4809035 (D.Del.))**

Page 2

124 S.Ct. 2466, 159 L.Ed.2d 355 (2004); *In re Roz Trading Ltd.,* 469 F.Supp.2d 1221, 1226-27 (N.D.Ga.2006); *In re Application of Hallmark Capital Corp.,* 534 F.Supp.2d 951, 954-55 (D.Minn.2007). The defendant's arguments simply do not justify reconsideration in this case.

    **\*2** Furthermore, the court is not persuaded (nor has the defendant demonstrated) that it has either patently misunderstood a party, made a decision outside the adversarial issues presented, or made an error of apprehension. The defendant's motion for reconsideration is therefore denied.

**IV. CONCLUSION**
    For the foregoing reasons, the court will deny the defendants' motion for reconsideration.

### *ORDER*
    IT IS HEREBY ORDERED that:

    1. The defendant's motion for reconsideration is DENIED.

D.Del.,2008.
Comision Ejecutiva Hidroelectrica del Rio Lempa v. Nejapa Power Co ., LLC
Not Reported in F.Supp.2d, 2008 WL 4809035 (D.Del.)

END OF DOCUMENT

© 2011 Thomson Reuters. No Claim to Orig. US Gov. Works.