**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**


<u>NOT FOR PUBLICATION</u>

|  |  |  |
|---|---|---|
| In Re Application of | : | |
| | : | |
| MESA POWER GROUP, LLC | : | |
| | : | CIVIL ACTION NO. 2:11-mc-280-ES |
| Applicant | : | |
| | : | **OPINION and ORDER** |
| Pursuant to 28 U.S.C. § 1782 | : | |
| For Judicial Assistance in Obtaining | : | Date: November 20, 2012 |
| Obtaining Evidence from SAMSUNG C&T | : | |
| AMERICA, INC., KYO IN CHOO and JIN | : | |
| GOO KWON for Use in a Foreign and | : | |
| International Proceeding | : | |


**CATHY L. WALDOR, United States Magistrate Judge.**


Pending before this Court is Petitioner, Mesa Power Group, LLC's ("Mesa Power") *ex parte* application for the issuance of a subpoena pursuant to <u>28 U.S.C. § 1782</u>.  Mesa Power seeks the issuance of a subpoena to Samsung C&T America, Inc, ("Samsung") which has its principal place of business in this district.  The proposed subpoena seeks to obtain the production of documents and the taking of deposition from the president and treasurer of Samsung, Kyo In Choo and Jin Goo Kwon respectively.  (Docket Entry No. 1, Ex Parte Application ("App or Motion")).  Mesa Power states that this information is highly relevant to an international arbitration concerning a renewable energy agreement between Samsung and the Government of Canada ("Canada").  (Docket Entry No. 2, Lee Robertson Declaration; Ex. C, ("Robertson Decl" or "Decl")

Mesa Power asserts that Samsung and Canada entered into a renewable energy contract that precluded them from entering into a similar agreement with Canada, which caused their company to sustain a considerable financial loss.   In the international arbitration, Mesa Power seeks to assert that Canada breached its obligations under Section A of Chapter 11 of the North American Free Trade Agreement ("NAFTA"), through its "arbitrary and unfair application of various government measures related to the regulation and production of renewable energy in Ontario, Canada."   (Id. at ¶ 6.)   Having considered Mesa Power's request and accompanying submissions, the Court hereby **ORDERS** and **ADJUDGES** that this application be **GRANTED IN PART AND DENIED IN PART.**

## I.   BACKGROUND

Mesa Power is a Delaware limited liability corporation dedicated to the production of wind energy projects.  (Id. at ¶ 2.)  Mesa Power's subsidiaries are Mesa Wind, LLC and Mesa AWA, LLC ("Mesa AWA").  (Id.)  Mesa AWA controls and manages four wind farm projects located in the province of Ontario that are a part of the international arbitration.  (Id.)

Mesa Power seeks discovery material from Samsung, which is the American regional headquarters of Samsung C&T Corporation. ("Samsung C&T").  (Id. at ¶¶ 4-5.)  Samsung runs its renewable energy program through its subsidiary, Samsung Renewable Energy, Inc. ("Samsung Renwable").   Samsung Renewable controls and manages the wind development project that is the subject of the international arbitration.  (Id. at ¶ 4.)

Samsung Renewable's wind development project is located in the Province of Ontario. (Id. at ¶¶ 2-3; Ex. C ¶ 9.)  Because Canada is party to the North American Free Trade Agreement ("NAFTA"), the Government of Ontario ("Ontario"), is required to adhere to NAFTA rules and regulations pursuant to Article 105. (Id.; Ex. C ¶ 9.)  The Ontario Power Authority ("OPA") is a

state enterprise controlled and operated by Ontario, and is directed by the Ministry of Energy. (Id.)  Through the OPA, the Ministry of Energy implements the Feed-In-Tarriff program ("FIT Program"), a renewable energy program that, among other things, sets the prices and administers renewable energy contracts with renewable energy providers.  (Id.)  The FIT Program helps create long-term fixed price contracts between renewable energy providers and the OPA, where the energy providers are guaranteed electrical grid access in Ontario; these contracts are called Power Purchase Agreements ("PPA").  (Id.; Ex. C. ¶¶ 12, 13.)  In order to obtain a successful PPA, a renewable energy provider must comply with the FIT Program's rules ("FIT Rules"). (Id.)  The PPA guarantees the provider a set purchase price over a twenty year period.  (Id.) Mesa Power filed six applications under the FIT Program in order to obtain a PPA with the OPA. (Id.)

Mesa Power asserts that on January 21, 2010, Ontario entered into an undisclosed agreement with Samsung, known as the Green Energy Investment Agreement ("GEIA").  (Id. at ¶ 7; Ex. C. ¶¶ 22, 25.)  Per the direction of the Ministry of Energy, the OPA allocated 2.5GW of power transmission capacity in Ontario to Samsung.  (Id.; Ex. C ¶ 23; Ex. B.)  On August 3, 2011, the OPA entered into a twenty year PPA with Samsung.  (Id. at ¶ 9.)  Mesa Power asserts that as a result of GEIA, the OPA denied its PPA applications because of transmission capacity limits in the area.  (Id. at ¶ 10, Ex. C ¶ 48.)

Mesa Power claims that Ontario unfairly restricted the transmission capacity and "confirmed a course of conduct of arbitrariness, discrimination, and inequitable treatment as to Mesa Power as compared to other investors."  (App at 5.)  Mesa Power claims that Ontario's actions resulted in Mesa Power suffering losses and damages to its wind farm business operations.  (Robertson Decl. at ¶ 8.)  On October 4, 2011, Mesa Power has filed a Notice of

Arbitration under the United Nations Commission on International Trade Law ("UNCITRAL")

Arbitration Rules to establish an international tribunal, in order to address Canada's alleged

violations under Section A of Chapter 11 of NAFTA.  (Id. at ¶ 12, Ex. C.)  Through the

international arbitration, Mesa Power seeks: (a) a declaration that Canada has breached NAFTA;

(b) a declaration that it suffered harm from the breach; and (c) an award of damages in an

amount no less than CDN $775,000,000.  (Id.; Ex. C ¶¶ 71-73.)

On November 15, 2011, Mesa Power filed this *ex parte* application pursuant to 28 U.S.C.

§ 1782 subpoenaing Samsung for documentary evidence and testimony related to the subject

matter of its international arbitration.  (Id. at ¶¶ 16-18.)  Mesa Power asserts that the requested

documents and testimony are necessary to prosecute its NAFTA claim against Canada.  (Id.)

The evidence will demonstrate the central issue of the arbitration, which is the difference in the

level of treatment between Mesa Power and Samsung in regards to their application for a PPA.

(Id.)

This Court reviews Mesa Power's *ex parte* application for the issuance of a subpoena to

Samsung for certain discovery material needed for use in an international arbitration pursuant to

28 U.S.C. § 1782.

## II.  DISCUSSION

### A. Legal Standard

28 U.S.C. § 1782 states, in relevant part, that:

> [t]he district court of the district in which a person resides or is found may
> order him to give his testimony or statement or to produce a document or
> other thing for use in a proceeding in a foreign or international tribunal,
> including criminal investigations conducted before formal accusation…The
> order may prescribe the practice and procedure, which may be in whole or in
> part the practice and procedure of the foreign country or the international
> tribunal, for taking the testimony or statement or producing the document or
> other thing. To the extent that the order does not prescribe otherwise, the

4

> testimony or statement shall be taken, and the document or other thing produced, in accordance with the Federal Rules of Civil Procedure.
>
> A person may not be compelled to give his testimony or statement or to produce a document or to produce a document or other thing in violation of any legally applicable privilege.

28 U.S.C. § 1782(a).  Based on the language of § 1782, its primary purpose is to provide federal judicial assistance in the gathering of evidence for use in a foreign or international proceeding.  See Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247 (2004).  In addition to its primary purpose, § 1782 also has twin policy aims of "providing efficient means of assistance to participants in international litigation in our federal courts and encouraging foreign countries by example to provide similar means of assistance to our courts."  Schmitz v. Bernstein Liebhard & Lifshitz, LLP, 376 F.3d 79, 84 (2d Cir. 2004).

Section 1782's statutory requirements are met when:

> (1) the person from whom the discovery is sought resides or is found in the district of the district court to which the application is made, (2) the discovery is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or "any interested person."

See In re Chevron Corp., No. M-19-111, 2010 U.S. Dist. LEXIS 47034, at *15 (S.D.N.Y., May 10, 2010).

Even if § 1782 gives the Court authorization to grant the application, it does not mean that the Court is required to do so.  See Intel, 542 U.S. at 264.  The Supreme Court has identified several discretionary factors that a Court can consider when ruling on a § 1782 request:

> (1) whether the material sought is within the foreign tribunal's jurisdictional reach and thus accessible absent § 1782 aid; (2) the nature of the foreign tribunal, the character of the proceedings underway abroad, and the receptivity of the foreign government or the court or agency abroad to U.S. Federal-Court jurisdictional assistance; (3) whether § 1782 request conceals an attempt to circumvent foreign-proof gathering restrictions or other policies of a foreign country or the United States; and (4) whether the subpoena contains unduly intrusive or burdensome requests.

See In re Chevron, 2010 U.S. Dist. LEXIS 47034, at *16; see also Intel, 542 U.S. at 264-65.  The

Court may reject a § 1782 application if it finds that the discretionary factors do not weigh in

favor of granting the application.

**B. *Ex Parte* Proceeding**

The Court first addresses the *ex parte* nature of Mesa Power's Motion.  That is, Mesa

Power's request for issuance of a subpoena to Samsung without giving notice of its request to

Samsung and the parties involved in the underlying international arbitration, including Canada.

Mesa Power explains that it filed its application without giving notice to Samsung out of

fear that Samsung might relocate documents outside of this district, for their own reasons and

benefit.  (App. at ¶¶ 26-27; Robertson Decl. at ¶ 21).  In addition, Mesa Power has not given

Canada notice of its request because it is concerned that Ontario might encourage Samsung to

remove relevant evidence related to the international arbitration and transfer it to Samsung

C&T's offices located in Seoul, Korea.  (Id.).

The Court does not make any ruling with respect to whether Mesa Power's concerns are

justified.  Even if they are not, Mesa Power correctly points out that it is "appropriate for this

Court to issue the order on an *ex parte* basis, without prejudice to the rights of the subpoenaed

parties to file a motion to vacate or quash" within thirty days of the issuance of this order."  See

In re the Republic of Ecuador, No. 10-80225 MISC CRB, 2010 WL 3702427, at *2 (N.D.Cal.,

Sept. 15, 2010).  Applications pursuant to 28 U.S.C. § 1782 are frequently granted *ex parte*

where the application is for the issuance of subpoenas and the substantial rights of the

subpoenaed person are not implicated by the application.  See In re Chevron Corp., No. 19-111,

slip. op. at 1 (S.D.N.Y. Aug. 6, 2010).  In addition, the subpoenaed person, once served, is

entitled to move to quash or modify the subpoenas."  See Id.; see also In re Letter of Request

from Supreme Court, 138 F.R.D. 27, 32 n. 6 (S.D.N.Y. 1991) ("[S]uch *ex parte* applications are typically justified by the fact that the parties will be given adequate notice of any discovery taken pursuant to the request and will then have the opportunity to move to quash the discovery or to participate in it"); In re Letters Rogatory from Tokyo Dist., 539 F.2d 1216, 1219 (9th Cir. 1976) ("[l]etters rogatory are customarily received and appropriate action taken with respect thereto *ex parte* ... witnesses can and have raised objections and exercised their due process rights by motions to quash the subpoenas"); In re Application of Esses, 101 F. 3d 873, 874 (2d Cir. 1996) (Affirming applicant's successful *ex parte* order pursuant to 28 U.S.C. § 1782).

The Court shall allow Mesa Power to proceed with their subpoena *ex parte*. The Court's order does not preclude Samsung, Canada, or any other entity involved in the international arbitration from contesting the subpoena by raising objections and filing motions to quash or vacate this order within thirty (30) days.

### C. Authority to Issue Subpoena

As stated earlier, a district court is authorized to grant a § 1782 application where:

> (1) the person from whom the discovery is sought resides or is found in the district of the district court to which he application is made, (2) the discovery  is for use in a proceeding before a foreign tribunal, and (3) the application is made by a foreign or international tribunal or "any interested person."

See In re Chevron Crop., 2010 U.S. Dist. LEXIS 47034, at *15.  The Court has reviewed Mesa Power's application and has preliminary determined that all statutory requirements are satisfied, as discussed fully below.

### 1. Residency Requirement

Under § 1782(a), "[t]he district court of the district in which a person *resides or is found*" may authorize discovery to be taken from them.  (emphasis added).  In the present case, the

Court acknowledges that Samsung conducts business from their corporate headquarters located in this district at 85 Challenger Road, 6th Floor, Ridgefield Park, NJ 07660. (Robertson Decl. at ¶ 4). Therefore, Mesa Power has made a *prima facie* showing that Samsung resides or is found in this district and is subject to this Court's jurisdiction pursuant to § 1782.

### 2. For Use in a Foreign or International Tribunal

28 U.S.C. § 1782 also provides that a district court may order a person "to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal." In Intel, the Supreme Court explained that "Congress introduced the word 'tribunal' to ensure that 'assistance is not confined to proceedings before conventional courts,' but extends also to administrative and quasi-judicial proceedings." 542 U.S. at 249 (internal citation omitted). In addition, the Supreme Court posited that when Congress amended § 1782 in 1964 by substituting the words "a proceeding in a foreign or international tribunal" for "any judicial proceeding," it did so to create the possibility of U.S. judicial assistance in international or foreign tribunals. Id. at 258. The Supreme Court found that the European Commission was a tribunal under § 1782 and it exercised responsibility over an array of areas covered under the European Union treaty. Id. at 250, 258.

Similarly, many courts found that an international arbitration proceeding brought under the Bilateral Investment Treaty ("BIT") pursuant to the rules of the UNCITRAL constituted a foreign or international tribunal for the purposes of 28 U.S.C. § 1782. See In re Oxus Gold PLC, No. 06-82, 2007 WL 1037387, at *4-5 (D.N.J., Apr. 2, 2007). See also In re Chevron Corp., 709 F. Supp. 2d 283, 291 (S.D.N.Y. 2010) (The court recognized cases pending in tribunals established by international treaty constituted foreign tribunals for the purposes of 28 U.S.C. § 1782); Ecuador v. Bjorkman, No. 11-1470, 2011 WL 3495993, at *3 (D. Colo. Aug. 9, 2011)

(The court allowed discovery pursuant to 28 U.S.C. § 1782 in furtherance of an international BIT arbitration).

In the present case, Mesa Power seeks information from Samsung for use in an international arbitration with Canada under the arbitration rules of UNCITRAL and NAFTA. (Robertson Decl.; Ex. C.)   UNCITRAL is an international body operating under the United Nations and established by its member states.  See In re Oxus Gold PLC, 2007 WL 1037387, at *6; see also In re Chevron Corp., 633 F.3d 153, 161 (3d Cir. 2011) (A BIT arbitration conducted pursuant to UNCITRAL rules constitutes a foreign tribunal under 28 U.S.C. § 1782).  Therefore, this Court finds that this international arbitration constitutes a foreign or international tribunal for the purposes of 28 U.S.C. § 1782.  Mesa Power has met the second statutory requirement under § 1782.

**3. Interested Person**

Section 1782 also provides that "[t]he order may be made … upon the application of *any interested person*." 28 U.S.C. § 1782(a) (emphasis added).  The Supreme Court holds that the text of § 1782(a)'s interested person requirement recognizes that "litigants are included among, and may be the most common example of, the 'interested person[s]' who may invoke § 1782." See Intel, 542 U.S. at 256.  In addition, the Court extends the definition of "interested person" in § 1782 beyond persons designated as "litigant;" the Court recognizes that complainants who possess significant interest and participation rights in the content of an international arbitration are also considered "interested persons" for the purposes of 28 U.S.C. § 1782. Id.

In the present case, Mesa Power satisfies the third statutory requirement under § 1782, because it is an interested person.  (Robertson Decl. at ¶¶ 16-18).  Mesa Power is the parent company to Mesa AWA, who owns and operates the four wind farm projects that are a part of

the international arbitration.  (Robertson Decl. at ¶ 2).  In addition, Mesa Power filed the notice

of intent under the UNCITRAL rules to establish an international tribunal against Samsung, thus

making it the litigant in the international arbitration.  (Robertson Decl. at ¶ 12; Ex. C).  Mesa

Power is directly involved in the international arbitration where it will submit information to the

tribunal in support of its arbitration.  (Id.).  This Court follows the Supreme Court's finding that

litigants constitute "interested person" under § 1782, and finds that Mesa Power is an "interested

person" in the international arbitration.  Mesa Power satisfies the third and final statutory

requirement, and therefore fulfills all statutory requirements for 28 U.S.C. § 1782.

### D. Discretionary Factors

Having concluded that Mesa Power has the statutory authority to issue the subpoena, the

Court now turns to the question of whether the discretionary factors, identified in Intel, weigh in

favor of or against issuance of the subpoena.  The Court makes the preliminary determination

that these factors weigh in favor of issuing the subpoena; however, a modification to the scope of

the discovery is appropriate.

### 1. Jurisdictional Reach of Foreign Tribunal

The Supreme Court has recognized that,

> when the person from whom discovery is sought is a participant in the
> foreign proceeding …, the need for § 1782(a) aid generally is not as apparent
> as it ordinarily is when evidence is sought from a nonparticipant in the matter
> arising abroad. A foreign tribunal has jurisdiction over those appearing
> before it, and can itself order them to produce evidence. In contrast,
> nonparticipants in the foreign proceeding may be outside the foreign
> tribunal's jurisdictional reach; hence, their evidence, available in the United
> States may be unobtainable absent § 1782(a) aid.

See Intel, 542 U.S. at 264.  In the international arbitration, Mesa Power seeks to hold Canada

accountable for breach of its obligations under Section A of Chapter 11 of NAFTA.  (Robertson

Decl. at ¶ 6.)  Samsung is in possession of discovery material that is highly relevant to the

arbitration; however, it is not a participant in the proceeding. (Robertson Decl.; Ex. C.) Mesa

Power's application under 28 U.S.C. § 1782 is relevant, because it is the only way Mesa Power

can obtain the relevant materials for their arbitration; these materials would not be available

otherwise.  See In re Chevron Corp., 2010 U.S. Dist. LEXIS 47034, at *20 (noting that the

petitioner's application was appropriate, because both the Ecuadorian court and the foreign

tribunal lacked jurisdiction to compel a nonparticipant to produce the material relevant to the

foreign proceeding, despite the individual's presence in the district).

### 2. Nature and Receptivity of Foreign Tribunal

In Intel, the Supreme Court also identified that,

> a court presented with a *§ 1782(a)* request may take into account the nature
> of the foreign tribunal, the character of the proceedings underway abroad,
> and the receptivity of the foreign government or the court or agency abroad
> to U.S. federal-court judicial assistance.

524 U.S. at 264.  There is no evidence before the Court that this international arbitration is non-

receptive to U.S. federal-court jurisdictional assistance.  This Court recognizes that most courts

routinely approve § 1782 applications to aid the international arbitral proceedings authorized by

international or inter-government treaties between sovereigns.  See e.g., Chevron Corp. v. Stratus

Consulting, Inc., No. 10-0047, 2010 U.S. Dist. LEXIS 46778, at *5-6 (D. Colo. Apr. 13, 2010)

(noting that "Judge Kane held a hearing on the [§] 1782 petition … and granted the issuance of

the subpoenas with leave for the filing of any motions to quash within thirty days"); In re

Chevron Corp., No. 10-0076, slip. op. at 9 (N.D.Ga. Mar. 2, 2010) (Section 1782 has authorized

discovery for matters subject to international arbitration).  In the present case, Mesa Power has

filed a notice of arbitration under the NAFTA and UNCITRAL rules, which do not contain any

provision that prohibits either party from filing a § 1782 application.  Therefore, the nature and

receptivity of the international arbitration proceeding allows for Mesa Power's application.

### 3. Attempt to Circumvent Foreign Proof-Gathering Restrictions and Policies

The third discretionary factor available to the district court is to determine "whether the *§ 1782(a)* request conceals an attempt to circumvent foreign proof-gathering restrictions or other policies of a foreign country or the United States." See Intel, 542 U.S. at 265.  There is nothing to suggest that Mesa Power's *§ 1782* application is an attempt to circumvent foreign proof-gathering restrictions.  Mesa Power is seeking production of material from Samsung, which is not a participant in the international arbitration, and therefore would not be ordered to produce the requested material without the assistance of 28 U.S.C. § 1782.  (App. at 25.) See In re Ecuador, 2010 WL 3702427, at *4.  Accordingly, Mesa Power has shown that its application does not attempt to circumvent any foreign proof-gathering mechanisms.

### 4. Unduly Intrusive or Burdensome Request

Under the fourth and final discretionary factor, the Court must consider whether Mesa Power's discovery requests are unduly intrusive or burdensome.  See Intel, 542 U.S. at 265.  The Court may reject the application if it is unduly intrusive or burdensome, or the Court may limit the scope of the discovery in order to protect the person from whom discovery is sought.  See In re Application for an Order for Judicial Assistance in a Foreign Proceeding in the Labor Court of Brazil, 466 F. Supp.2d 1020, 1032 (N.D.Ill. 2006).  This factor requires the Court to look at the entire discovery request and determine whether it is unduly intrusive or burdensome.  Id.

The majority of Mesa Power's request is narrowly tailored to the subject matter of the international arbitration.  Mesa Power has subpoenaed the production of a variety of documents, including, but not limited to: (1) all documents relating to the January 2010 meeting between Samsung and Canada regarding GEIA; (2) all documents created or received by Samsung relating to the priority ranking system under the OPA's FIT Program; and (3) proposals by

Samsung that were submitted to the OPA in relation to the FIT Program.  (Robertson Decl., Ex. D).  In addition to this request for documents, Mesa Power has subpoenaed the production of depositions of the President and Treasurer of Samsung C&T, Kyo in Choo and Jin Goo Kwon, respectively, regarding the subject matter of the international arbitration.  (Id.)  While most of Mesa Power's discovery requests are narrowly tailored, some of its requests are overbroad.  The Court therefore finds that a modification of the subpoena limiting the scope of the discovery is appropriate, in order to prevent it from being unduly intrusive or burdensome upon Samsung. See In re Application of Oxus Gold PLC for Assistance Before a Foreign Tribunal, No. 06-82, 2006 WL 2927615, at *7 (D.N.J. Oct. 11, 2006).

28 U.S.C. § 1782 grants the Court flexibility in creating relevant discovery requirements or making modifications to discovery requests.  See Minatec Finance S.A.R.L. v. SI Group Inc., No. 1:08-CV-269, 2008 WL 3884374, at *9 (N.D.N.Y., Aug. 18, 2008).  The Court looks at each of Mesa Power's discovery requests and grants in part those requests that are narrowly tailored to the subject matter and denies, without prejudice, those requests that are overbroad and unduly intrusive or burdensome.

Accordingly, under this analysis the Court denies, without prejudice, the following discovery requests: (1) all documents created or received from Samsung relating to the registered lobbyists in Ontario, (Robertson Decl., Ex. D ¶ 4); (2) all documents between Ontario and Samsung referring to Samsung and its partners, who Mesa Power collectively calls the "Original Korean Consortium" (Id. at ¶ 6); (3) all documents evidencing any correspondence between Samsung and any Ontario Ministry (Id. at ¶ 8); (4) documents submitted to the OPA relating to any proposed project by Samsung (Id. at ¶ 10); (5) correspondence to or from Samsung and Ontario, including individuals or officials of Ontario's departments, ministries, state departments,

or agencies (Id. at ¶ 12); and (6) "documents relating to any and all telephone conversations, meetings, discussions or information exchange amongst any employee or agent of [Samsung] with any member of the "Original Korean Consortium" relating to the benefits under [GEIA]." (Id. at ¶ 13).

The Court recognizes that some discovery requests are more intrusive and burdensome, than other requests. The trial court is tasked with drawing a line between reasonable and unreasonable discovery requests. See Societe Nationale Industrielle Aeropostiale v. U.S. Dist. Court for the Southern Dist. of Iowa, 482 U.S. 522, 546 (1987). Specifically when dealing with foreign parties, American courts must exercise special vigilance to protect foreign parties from unduly burdensome discovery requests, which may disadvantage them in the proceeding. Id. Whenever possible, the Court must attempt to minimize the discovery requests' costs and inconveniences. Id.

The Court finds that these requests, to some extent, are overbroad and unduly burdensome. Mesa Power's discovery requests place a great burden on Samsung to produce material that is not narrowly tailored to the issue of the international arbitration. The Court finds that the discovery requests pertaining to Samsung's correspondence with Canadian officials and their internal work product will not provide further information or insight into the PPA entered into between Samsung and Canada, which is the primary issue of the international arbitration.

Therefore, the Court denies without prejudice, these six discovery requests. However, the Court permits Mesa Power leave to amend the discovery requests at issue, and provide explanations as to how these requests are narrowly tailored to the subject matter of the international arbitration and why they should be granted. Mesa Power has thirty days to resubmit its amended subpoena for the production of these specific requests, otherwise, they will

be denied pursuant to this Opinion.

As stated above, this Court grants this application in part and denies it in part.  The discovery requests that are found to be narrowly tailored to the subject matter of Mesa Power's international arbitration are granted pursuant to 28 U.S.C. § 1782. The Court denies, without prejudice, the discovery requests that are overly burdensome and unduly intrusive upon Samsung.

## III. CONCLUSION

For the reasons expressed above, the Court finds that 28 U.S.C. § 1782 is applicable to the present matter, but the scope of the discovery request must be limited to avoid being unduly intrusive and burdensome upon Samsung.

Mesa Power satisfied the three statutory requirements by showing that Samsung resides or can be found in this district, that the application is made for an international arbitration in a foreign tribunal, and that Mesa Power is an "interested person."  Although Mesa Power's subpoena satisfies the statutory requirements, it fails to satisfy all four discretionary factors.  The Court, in its discretion, finds that the scope of the subpoena is overbroad and unduly burdensome. The Court, therefore, grants the discovery requests that are narrowly tailored to the subject matter of the international arbitration, and denies, without prejudice, the discovery requests that are unduly burdensome and intrusive.

Accordingly, the Court grants in part and denies, without prejudice, in part Mesa Power's subpoena for discovery materials from Samsung pursuant to 28 U.S.C. § 1782.

The Court also recognizes that Samsung has the opportunity to raise objections to Mesa Power's Motion for subpoena and file motions to quash or vacate this order within thirty (30) days.

**So Ordered.**


        */s/Cathy L. Waldor*_____

Cathy L. Waldor
United States Magistrate Judge

16